C. S. HOYT ET AL., APPELLEES, V. CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY, APPELLANT.

FILED JANUARY 9, 1911.   No. 16,217.

Justice of the Peace: ATTORNEY'S LIEN: ENFORCEMENT: APPEAL. A
employed B as his attorney, and commenced a suit in justice
court against C. Pending the suit B filed with the papers in
the case an attorney's lien. Before the day set for trial; and
subsequent to the filing of the statement for lien, A and C settled
their controversy, C paying A the amount agreed upon, which was
in excess of the lien. On the day set for trial, C did not appear,
when B applied orally to be admitted as a party plaintiff to the
extent of enforcing his lien. The court permitted him to do so
and, upon a hearing, rendered judgment against C for the amount
of his claim. C appealed to the district court, where B filed a
petition setting up his claim, less a credit thereon paid by A. C
answered the petition by general denial, but objected to the
introduction of evidence by demurrer *ore tenus*. The objection
was overruled, the case heard on the merits, and judgment
rendered against C. *Held*, That, while the proceedings in the
justice court were irregular, the court had jurisdiction of the
subject matter, and the judgment was not void. *Held*, further,
that the appeal by C conferred jurisdiction upon the district court,
and its judgment was valid.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*William D. McHugh* and *W. H. Herdman,* for appellant.

*Oliver S. Erwin, contra.*

REESE, C. J.

The original action, out of which the present one has
grown, was instituted by C. S. Hoyt in justice court in
Douglas county for the purpose of recovering the sum of
$175.51 from the defendant on account of damage to
property shipped over its line of railroad. Erwin was
employed as the attorney for the plaintiff and commenced
the action. The bill of particulars was filed November 1,

14

1906. The cause was finally continued for trial to January 4, 1907. On the 19th day of December, 1906, plaintiff's attorney filed a paper in said cause, which, after the title of the case, was as follows: "Notice is hereby given that I have and claim an attorney's lien in the above case for services rendered therein in the sum of $50. (Signed) Oliver S. Erwin." On the 4th day of January, 1907, the date to which the cause had been continued, the defendant did not appear, "but made default," the justice's docket reciting that "this cause coming on for hearing before me upon plaintiff's bill of particulars and the evidence was submitted to me, and Oliver S. Erwin was sworn and examined on behalf of plaintiff, who was also made party to the suit as plaintiff on his own motion, I find there is due, after being fully advised, to said Oliver S. Erwin for services rendered plaintiff, C. S. Hoyt, the sum of $50 and costs of this action taxed at $3.75," and for which judgment was rendered against the defendant. From this judgment defendant appealed to the district court.

When the cause appeared in the district court Erwin filed a petition alleging his relation to the case as the attorney for plaintiff; the filing of the notice of lien for $50; the subsequent payment of $30 by Hoyt; the settlement of Hoyt's claim by defendant after the filing of the notice of lien, without notice to Erwin; and that the amount paid Hoyt by defendant was $130. Judgment was demanded for the balance due Erwin on his lien. The answer of defendant was a general denial. The cause was tried to the court without the intervention of a jury. The court found in favor of Erwin, and rendered judgment in his favor against defendant for $21.85. Defendant appeals.

No question is raised by either the pleadings or briefs as to the sufficiency of the statement for lien, or want of service of notice upon defendant of Erwin's claim, and the subject will be passed without decision or further reference.

It is contended by defendant that neither the justice of the peace, nor the district court, had any jurisdiction of

the subject matter set up in the petition by Erwin, as between Erwin and defendant, and that both judgments were therefore void; that the petition filed by Erwin in the district court did not state a cause of action against defendant; that the judgment of the district court was not sustained by the evidence, and that it is contrary to law. It must be conceded that the proceedings in the justice court, as appears from the transcript of the docket of that court, were quite irregular and crude, but we are not able to say that the court had no jurisdiction of the subject matter of Erwin's claim. The lien was filed before the settlement with Hoyt and the payment to him by defendant of the amount agreed upon, and if the rule stated in *Elliott v. Atkins*, 26 Neb. 403, that the "claim for a lien may be filed with the papers in the case, and the adverse party will be chargeable with notice of its existence," can be applied to justice courts, the defendant had due notice of Erwin's rights at the time of the payment.

It is insisted that the procedure in the justice court was not sufficient to confer jurisdiction; that some pleading and application to be made a party to the suit, in addition to the statement of lien with the papers, should have been filed. That such course would have been a proper one cannot be denied; but, in view of the many holdings of this court that the rules of procedure which prevail in the courts of record, should not be applied with the same strictness to justice courts, we cannot hold the judgment void. The appeal by defendant to the district court conferred upon that court the jurisdiction which the justice court had, and the filing of the petition by Erwin was not objectionable practice. The petition stated the principal facts quite indefinitely, it is true, but as issue was joined thereon without its sufficiency being questioned by motion or otherwise, preliminary to the answer, it would have to be held good on demurrer *ore tenus*.

There being no error discovered which would require the reversal of the judgment of the district court, it is

AFFIRMED.